UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON, | Case No. 1:24-cv-00585-JLT-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |
| v. | (ECF NO. 6) |
| MARY ANN WOLLET, *et al.*, | |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Cornel Jackson is a *pro se* inmate at the Madera County Jail. Plaintiff filed an application to proceed *in forma pauperis* (IFP) in this action. (ECF No. 6). For the reasons stated below, the Court recommends Plaintiff's IFP application be denied and Plaintiff be required to pay the filing fee in full if he wants to proceed with this suit.

## I.      BACKGROUND

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 on May 16, 2024, with a complaint dated May 13, 2024. (ECF No. 1 at 12). The Court then ordered Plaintiff to either pay the filing fee in full or "submit the attached application to proceed *in forma pauperis*, completed and signed . . ." (ECF No. 3.) Pursuant to Court's order, Plaintiff filed an application to proceed *in forma pauperis* on June 7, 2024, which was signed on May 21, 2024, and included a declaration signed by Plaintiff answering questions about his finances under penalty of perjury.

1

(ECF No. 6). However, the application did not include a copy of the trust account statement, as the form directed.

On the IFP application, Plaintiff checked the box indicating that he is employed, but for the space asking for the amount of his pay, he provided no dollar amount; rather, he wrote "commis[s]ary" in the space. (*Id.* at 1). He also indicated that he received money from other sources, writing "that he received a settlement of $4,000, which was signed over to his brother to be distributed to his children." (*Id.*, minor alterations).

Noting that it appeared that, rather than use his pay from his employment and settlement to pay the filing fee in this case, Plaintiff intends to spend his money on the commissary and give it all to his family, the Court ordered Plaintiff to show cause why his IFP application should not be denied given that he has chosen to spend or give away his money rather than pay the filing fee. (ECF No. 7).

On July 15, 2024, Plaintiff filed a response. (ECF No. 8). Plaintiff states that while he is employed at the holding facility, he does not receive "a pay number of cash. Plaintiff states that he only receives payment of gifts of commissary, which was supported by the certified copy of his trust account statement." (ECF No. 8 at 2–3). Plaintiff also states that "he provided the funds to his children prior to the filing of this application and complaint for his injury." (*Id.* at 3). Plaintiff concludes that "the facts described above and his certified copy of his trust supports his IFP application that he is unable to pay such fees or give security therefor." (*Id.*)

## II.   LEGAL STANDARDS

The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). In reviewing an IFP application, a court is "entitled to consider [a plaintiff's] own economic choices about how to spend his money." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). For example, the Court can consider that a plaintiff thought it more worthwhile to spend his money on commissary items than to pay the filing fee for his civil rights suit. *Id.* Likewise, another court has concluded that a "Plaintiff's decision to give his income away, while seemingly admirable and certainly within his prerogative, should not consequently require the Court and taxpayers to bear the burden of paying Plaintiff's filing fee." *Strojnik v. Panera Bread Co.*, No. 1:22-CV-00682-JLT-BAK (SAB), 2022 WL 2287274, at *8 (E.D. Cal. June 24, 2022), *report and recommendation adopted* (E.D. Cal. July 8, 2022).

As the courts in this Circuit previously held, "[i]n a good number of cases finding bad faith, prisoner-plaintiffs have diverted funds in the period leading up to their IFP application to others, usually family members." *Newsome v. Loterzstain*, No. 2:19-CV-0307 JAM EFB P, 2020 WL 4501813, at *4 (E.D. Cal. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 5412996 (E.D. Cal. Sept. 9, 2020) (collecting cases). "To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Roberts v. Beard*, No. 15-cv-1044-WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019) (quoting *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012).

## III. ANALYSIS.

With these standards in mind, the Court finds that Plaintiff's allegation of poverty is untrue. Specifically, Plaintiff received a settlement ten times the filing fee on March 21, 2024, less than two months prior to filing the instant action. *See* ECF No. 59, *Jackson v. Khalib*, et al., No. 1:20-cv-01567-KES-SKO (May 2, 2024). Plaintiff claims "he provided the funds to his children." (ECF No. 8 at 3.) While it is a valid choice to support his children with his available funds, it should not "require the Court and taxpayers to bear the burden of paying Plaintiff's

filing fee." *Strojnik*, 2022 WL 2287274, at *8. Had he not re-directed this money to his family, Plaintiff could have paid the full filing fee. Further, Plaintiff does not state that he cannot get the funds back from his family that he gave them a few months ago.

Having determined that Plaintiff's allegation of poverty is untrue, the Court considers whether Plaintiff acted in bad faith. Other courts have found bad faith where "prisoner-plaintiffs have diverted funds in the period leading up to their IFP application." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *4 (E.D. Cal. May 15, 2020) (collecting cases). Here, Plaintiff diverted $4,000 in the period leading up to his IFP application.

Further, Plaintiff has engaged in similar conduct in the past, as described in an order in a previous case in this district concerning whether Plaintiff had sufficient funds to pay for copying costs in the case:

> Here, on October 19, 2020, which was shortly before Plaintiff filed a motion seeking the Court's assistance in serving Defendants in this action, he had 38 cents in his account. (*Id.* at 14). However, the balance later increased. On January 25, 2021, Plaintiff had approximately $1,700.00 in his account. (*Id.* at 16). According to Sergeant Mendoza's declaration (which is undisputed by Plaintiff), after Defendants filed their opposition to Plaintiff's motion on January 29, 2021, (ECF No. 52), which showed that Plaintiff had nearly $1700 in his account (ECF No. 52–2, p. 16), Plaintiff transferred the majority of his funds to a third party on February 4, 2021. (ECF No. 61, p. 4). Thereafter, Plaintiff spent the remainder of his funds, about $112, on commissary. (*Id.*). Although Plaintiff disputes the reason for this transfer, it is undisputed that Plaintiff had adequate funds to purchase copies shortly after filing this motion, yet chose to spend and transfer his money rather than pay for copies.

*Jackson v. Quick*, No. 1:19-cv-01591-NONE-EPG PC, 2021 WL 2292331, at *3 (E.D. Cal. June 4, 2021), *report and recommendation adopted*, 2021 WL 3048385 (E.D. Cal. July 20, 2021).

Finally, Plaintiff is very familiar with *in forma pauperis* system and has extensive history of litigation. Plaintiff has filed nine cases in this Eastern District of California federal

court alone, and has applied to proceed *in form pauperis* in all of them. Plaintiff also litigated three appeals in the Ninth Circuit and when cautioned that his appeal may be frivolous and count as a "strike" under 28 U.S.C. § 1915(g) unless withdrawn, Plaintiff voluntary withdrew his appeal. *Jackson v. Barrett*, No. 21-16363 (9th Cir. Sept. 30, 2021). These facts further support a finding of bad faith. *Loterzstain*, 2020 WL 4501813, at *3. ("To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation.").

Nevertheless, and while it is within the Court's discretion to dismiss this case with prejudice based on the authority noted above, the Court will stop short of recommending the harshest sanction in this case. Instead, the Court will recommend that Plaintiff be required to pay the filing fee in full should he wish to proceed with this case.

## IV.    CONCLUSION AND ORDER

The Court concludes Plaintiff's allegation of poverty is untrue and circumstances indicate that Plaintiff acted in bad faith to avoid paying the filing fee.

In addition, **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) be denied;
2. Plaintiff be ordered to pay the $405 filing fee in full should he wish to proceed in this case; and
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 20, 2024**                    /s/ *Erica P. Grosjean*

                                    UNITED STATES MAGISTRATE JUDGE