1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | CORNEL JACKSON,

Case No. 1:24-cv-0585 JLT EPG (PC)

12 |                          Plaintiff,

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS, DENYING

13 |          v.

PLAINTIFF'S MOTION TO PROCEED
*IN FORMA PAUPERIS*, AND DIRECTING

14 | MARY ANN WOLLET, *et al.*,

PLAINTIFF TO PAY THE FILING FEE IN
FULL WITHIN 30 DAYS

15 |                          Defendants.

16

(Docs. 6, 9)

17

18          Cornel Jackson asserts that he suffered violations of his civil rights while a pretrial

19 detainee at the Madera County Jail.  (*See* Doc. 1.)  He requests to proceed *in forma pauperis* in

20 this action.  (Doc. 6.)  The magistrate judge found "Plaintiff's allegation is untrue."  (Doc. 9 at

21 3.)  The magistrate judge observed that "Plaintiff received a settlement ten times the filing fee

22 on March 21, 2024, less than two months prior to filing this instant action."  (*Id.*, citing *Jackson*

23 *v. Khalib*, Case No. 1:20-cv-01567 KES SKO, Doc. 59 (May 2, 2024).)  The magistrate judge

24 also found Plaintiff acted in bad faith, because he diverted the funds prior to filing this action

25 and seeking to proceed *in forma pauperis*, and previously engaged in similar conduct.  (*Id.* at 4-

26 5, citing *Jackson v. Quick*, 2021 WL 2292331, at *3 (E.D. Cal. June 4, 2021), *report and*

27 *recommendation adopted*, 2021 WL 3048385 (E.D. Cal. July 20, 2021).  The magistrate judge

28 noted it was "is within the Court's discretion to dismiss this case with prejudice" based upon

1

the finding that Plaintiff acted in bad faith by diverting his funds and seeking to proceed *in forma pauperis*.  (*Id.* at 5.)  Nevertheless, the magistrate judge indicated "the Court will stop short of recommending the harshest sanction in this case," and instead recommended "Plaintiff be required to pay the filing fee in full should he wish to proceed with this case."  (*Id.* at 5.)

Plaintiff filed timely objections to the Findings and Recommendations.  (Doc. 10 at 2.)  He maintains the $4,000 settlement was "signed over to [his] children."  (*Id.* at 2-3.)  Plaintiff disputes the finding that he acted in bad faith.  (*Id.* at 2-4.)  He asserts that he "diligently notified this Court of his $4,000.00 settlement, in good faith." (*Id.* at 2.)  Plaintiff notes that the settlement "is not displayed on [his] account history."  (*Id.*)  According to Plaintiff, "his family's home was burned down, due to arson, leaving … five of his children homeless."  (*Id.* at 3.)  He asserts that "his family is his main focus, after listening to them having to be separated, because of limited places for them to go."  (*Id.*)  Plaintiff contends the Court should consider the hardship of his family and the reasoning behind Plaintiff's decision to sign over the settlement funds to his children.  (*Id.*)

Plaintiff does not dispute that he previously engaged in similar conduct—namely, diverting funds—before this Court. As the magistrate judge observed, in *Johnson v. Quick*, he requested the Court provide copies asserting an inability to pay, but prior to the request Plaintiff had $1,700 in his account that he transferred to a third party.  (Doc. 9 at 4, (citing *Quick*, 2021 WL 2292331, at *3).)  This history of diverting funds supports the finding of the magistrate judge. Though Plaintiff's reported desire to help his children is noble, his undisputed history of diverting funds also undermines his assertion he acted in good faith in doing so.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Given Plaintiff's receipt of the $4,000 settlement only less than two months prior to filing this action, Plaintiff fails to show he did not have access to sufficient funds to pay the filing fee in the relevant period.  *See* 28 U.S.C. § 1915(a)(2) (indicating the Court should consider the income of a prisoner "for the 6-month period immediately preceding the filing of the complaint").  Thus,

2

the Court **ORDERS**:

      1.     The Findings and Recommendations issued on September 20, 2024 (Doc. 9) are **ADOPTED**.

      2.     Plaintiff's application to proceed *in forma pauperis* (Doc. 6) is **DENIED**.

      3.     Plaintiff **SHALL** pay in full the $405.00 filing fee <u>within 30 days</u> of the date of service of this order.

**<u>Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.</u>**

IT IS SO ORDERED.

    Dated:   **October 18, 2024**

UNITED STATES DISTRICT JUDGE